UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHICAGO TITLE, a Nevada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL PACIFIC HOLDINGS, LLC., a Delaware Corporation, SOMERSET SFR, LLC., a Nevada Corporation, LF LAS VEGAS REALTY CORPORATION, a Florida Corporation, and UNION LABOR LIFE INSURANCE COMPANY, a Maryland Corporation, <br><br> Defendants. | 02:08-CV-01078-LRH-PAL <br><br> ORDER |

Presently before the court is Plaintiff Chicago Title ("Plaintiff") and Defendants and Crossclaimants LF Las Vegas Realty Corporation ("Las Vegas Realty"), and Union Labor Life Insurance Company ("Union Labor") Joint Application for Entry of Default Judgment (#34[1]) . Defendants Capital Pacific Holdings, LLC. ("Capital Pacific") and Somerset SFR, LLC. ("Somerset") have not responded in any manner.

**I.     Facts and Procedural History**

On September 1, 1998, Las Vegas Realty sold a parcel of land known as Somerset Ridge II

---

[1] Refers to the court's docket entry number.

and III to Capital Pacific. On July 22, 1999 Capital Pacific, as a seller, and Avant Homes, LLC., ("Avante") as a buyer, entered into an agreement for the sale of a number of lots in Somerset Ride. Las Vegas Realty then assigned its rights under utility contracts related to the development of the parcels of land to Avante. Avante subsequently assigned its interest in the agreement to Somerset.

On August 3, 1999, Plaintiff became the escrow agent in the transaction. Pursuant to the purchase agreement, either Somerset or Avante deposited a sum of $77,379.79 to be held in escrow and released to either Las Vegas Realty or Union Labor upon receipt of executed utility contract assignments.[2] On January 31, 2000, Capital Pacific sold the Property to Somerset. On February 14, 2000, Las Vegas Realty deposited the executed utility contract assignments in escrow.

Once escrow closed, each Defendant held an adverse claim to the sums presently held by Plaintiff. On August 15, 2008, Plaintiff filed a complaint seeking to interplead Defendants so that they could settle their respective rights to the sum of money.[3] On November 3, 2008, Union Labor and Las Vegas Realty responded to Plaintiff's complaint and filed a crossclaim against Capital Pacific and Somerset. Since Plaintiff failed to release the money to Las Vegas Realty or Union Labor, Union Labor asserts its entitlement to the $77,373.79 Avante deposited, contending, "The Union Labor Life defendants and crossclaimants are entitled to the $77,373,79 held by Plaintiff."[4]

---

[2] It appears that the relationship between Union Labor and Las Vegas Realty is as follows: "[A]t all times relevant, Union Labor was authorized by [Las Vegas Realty], pursuant to contract, to act as agent for [Las Vegas Realty] in connection with the utility contract assignments and the escrow." (McGlone Decl. (#34), at 4.)

[3] "In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992). Here, Plaintiff is the stakeholder and is in possession of the $77,379.79. Plaintiff has filed a complaint to interplead Capital Pacific, Somerset, Union Labor, and Las Vegas Realty, who are the claimants.

[4] There is a $6 discrepancy between the sum of money Union Labor and Las Vegas Realty refer to and the sum of money Plaintiff refers to, which is $77,379.79. However, in the joint application for default judgment against Capital Pacific and Somerset, the parties ask the court to award a total of $77,373.79.

(Def. Answer and Crossclaim (#15), at 4.)

On August 15, 2008, Plaintiff served Capital Pacific and Somerset with the summons and the complaint (#5-6). To date, Capital Pacific and Somerset have not answered or otherwise responded. On December 18, 2008, Plaintiff requested that the clerk enter the default of Somerset for not filing a responsive pleading to Plaintiff's complaint (#21). On December 30, 2008, Plaintiff requested that the court enter the default of Capital Pacific for not filing a responsive pleading to Plaintiff's complaint (#25). On January 6, 2009, the court entered default for Capital Pacific and Somerset (#26).

On December 18, 2008, Las Vegas Realty and Union Labor served Capital Pacific and Somerset with the summons and the complaint (#22-23). On February 4, 2009, Las Vegas Realty and Union Labor requested that the court enter default against Capital Pacific and Somerset for failing to respond to the crossclaim (#31-32). On February 5, 2009, the court entered default for Capital Pacific and Somerset (#33).

On March 13, 2009, Plaintiff, Las Vegas Realty, and Union Labor filed the joint application for default judgment against Capital Pacific and Somerset now before the court. In addition to the entry of default judgment against Capital Pacific and Somerset, the parties ask the court to award Union Labor $74,379.79 of the principal amount and Plaintiff $3,000 of the principal amount to cover attorneys' fees.

**II.     Discussion**

Obtaining a default judgment in federal court is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, a party must seek entry of default judgment under Rule 55(b). While entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who

3

obtains an entry of default is not entitled to default judgment as a matter of right." *See Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1071 (C.D. Cal. 2004). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

Factors which the court may consider when exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Here, Plaintiff, Las Vegas Realty, and Union Labor allege that the events giving rise to the dispute took place in 1999 and 2000. Since nine years have passed since the initial actions and the parties still have not obtained their desired relief, the parties are likely to be prejudiced by a delay in judgment, especially since it is not clear that Capital Pacific and Somerset will ever respond. Additionally, the court has jurisdiction and the merits of Plaintiff, Las Vegas Realty, and Union Labor's claims, if taken as true, would be sufficient to support that neither Capital Pacific nor Somerset have a claim to the money under dispute. Furthermore, since Capital Pacific and Somerset did not respond to the complaint in any manner, there has been no showing that the default was due to excusable neglect. Thus, based on the foregoing factors, an entry of default judgment is appropriate.

Union Labor, Las Vegas Realty, and Plaintiff seek judgment only against Capital Pacific and Somerset. The parties also ask that $74,379.79 be awarded to Union Labor and $3,000 be awarded to Plaintiff. However, Plaintiff and Defendants have not sufficiently established how the money should be distributed, and an entry of default judgment is not the appropriate way to resolve this dispute between the remaining parties. Until the parties can provide the court with a stipulation of dismissal or a settlement agreement formally indicating the parties have agreed to the

disbursal of funds as requested, the court will not order the clerk to disburse the funds. Therefore, to the extent that Plaintiff, Union Labor, and Las Vegas Realty ask for a disbursal of funds through the motion for default judgment, the motion is denied.

      IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Judgment by Default (#34) is hereby GRANTED in part and DENIED in part.

      IT IS SO ORDERED.

      DATED this 1st day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5